IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

JENNIFER CASE, et al., ) 
 ) 
 Plaintiffs, ) 
 ) 
v. ) CASE NO. 2:20-CV-777-WKW 
 ) [WO] 
KAY IVEY, in her individual ) 
capacity and official capacity as ) 
Governor of Alabama, et al., ) 
 ) 
 Defendants. ) 
 ORDER 
The court carefully has reviewed the submissions of all parties on Defendants’ 
Motion to Dismiss (Doc. # 24) the Amended Complaint (Doc. # 19) and finds that 
the motion is due to be granted because the Amended Complaint is a shotgun 
complaint. Plaintiffs will be given 21 days to file an Amended Complaint in 
compliance with this Order and Rule 8(a) of the Federal Rules of Civil Procedure. 
Shotgun complaints come in a variety of forms. “The unifying characteristic 
of all types of shotgun pleadings is that they fail to one degree or another, and in one 
way or another, to give the defendants adequate notice of the claims against them 
and the grounds upon which each claim rests.” Weiland v. Palm Beach Cty. Sheriff’s 
Office, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). The Amended 
Complaint is a shotgun complaint for several reasons. 

To illustrate, first, each count adopts and incorporates the allegations of all 
preceding counts, unavoidably resulting in all but the first having irrelevant factual 
allegations and legal conclusions. (See, e.g., Doc. # 19 ¶¶ 42, 90, 100, 109, 118, 

137, 145, 151, and 161); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & 
Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that one form of a 
shotgun complaint “contains several counts, each one incorporating by reference the 
allegations of its predecessors, leading to a situation where most of the counts (i.e., 

all but the first) contain irrelevant factual allegations and legal conclusions.”). 
Second, the Amended Complaint is “guilty of the venial sin of being replete 
with conclusory, vague, and immaterial facts” and arguments that stray from the 

statutory and constitutional underpinning of discrete causes of action. Weiland, 792 
F.3d at 1322 (citations omitted). Facts, parties, and counts are not connected clearly, 
causing speculation as to which belongs to the other. 
Third, the capacity in which each Defendant is sued is ambiguous. 

Fourth, extraneous and confusing material is contained in the body of the 
Amended Complaint and in the referenced attachments. As an example of the latter, 
the Amended Complaint’s incorporation of both an affidavit and unsworn statement 

from Plaintiff Case—each of which contains what the court must suppose will be 
her testimony at length—confuses the issues and allegations. (See Doc. # 19, at 2 
¶ 10 (incorporating by reference Exhibit F (Doc. # 1-6, at 3–8).) As illustrative of 

the former, the Amended Complaint recites the history and framework of the Due 
Process Clause (Doc. # 19, ¶¶ 44–50), content more appropriate for a legal brief, and 
certainly not a “short and plain statement” of the allegations and causes of action as 

required by Rule 8(a). See Fed. R. Civ. P. 8(a). 
Fifth, Plaintiffs’ claim for damages under 42 U.S.C. § 1983 fails to identify 
the elements of the cause of action, the Defendant or Defendants responsible, and 
which Plaintiff or Plaintiffs is/are entitled to that relief. 

Sixth, the Amended Complaint fails to allege how injuries are fairly traceable 
to one or both Defendants as to specific Plaintiffs. Parties, causes of action, injuries, 
causation, and redressability should be specific and match. With the passage of time 

and the fluidity of the COVID-19 pandemic, it appears that, at the time of filing the 
Amended Complaint, the Governor had issued at least eight proclamations or orders, 
and that the State Health Officer had issued at least ten. There may have been more 
since. Owing to the uncertainty of the facts at any given point in time, the Amended 

Complaint should separate past alleged sins of Defendants (identifying which 
Defendant is guilty of which failing) from existing “live” provisions; which past sins 
are capable of repetition and escaping review; which lead to damages; and which 
support a declaratory judgment (in other words, as to the latter two, how to redress 
alleged injuries). 

The next Amended Complaint should identify the authority to enforce 
particular orders and should tie that authority to a named Defendant, specifically 
alleging how that Defendant has enforced or may enforce his or her orders. 

Additionally, the next Amended Complaint should avoid duplicative counts. 
Based on the foregoing, it is ORDERED as follows: 
(1) Defendants’ Motion to Dismiss the Amended Complaint (Doc. # 24) is 
GRANTED. 

(2) The Amended Complaint (Doc. # 19) is DISMISSED because it is a 
shotgun pleading. 
(3) Plaintiff shall have 21 days from the date of this Order to file a Second 

Amended Complaint that complies with the requirements of this Order and Rule 
8(a). Any documents referenced as exhibits in the Second Amended Complaint shall 
be attached to it. 
(4) Defendants shall file a responsive pleading or appropriate motion 

within 14 days after the filing of the Second Amended Complaint. 
It is further ORDERED that Plaintiffs’ Motion for Leave to File Second 
Amended Complaint to Join Additional Party (Doc. # 36) is DENIED with prejudice 
on the facts, theories, and claims alleged as to Charles W. Hatcher II, for lack of an 
injury traceable to any Defendant. 

 DONE this 15th day of December, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE